Filing # 25752250 E-Filed 04/06/2015 06:40:02 PM

|  |  |
|---|---|
|  | THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA |
| HAMPTONS AT METROWEST CONDOMINIUM ASSOCIATION, INC., | Case No.: 48-2008-CA-008235-O BUSINESS LITIGATION DIVISION |
| Plaintiff, |  |
| v. |  |
| PARK AVENUE AT METROWEST, LTD., *et al.* |  |
| Defendants._____/ |  |
| ____And successive actions._____/ |  |

## EPOCH'S REPLY IN SUPPORT OF GARNISHMENT AGAINST GREAT AMERICAN INSURANCE COMPANY AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

In reply to Great American Insurance Company's ("GAIC") Answer and Affirmative Defenses to Post-Judgment Writ of Garnishment ("GAIC Answer"), Epoch Properties, Inc., ("Epoch"), responds as follows:

**1.**

Epoch contests and denies all contentions in GAIC's Answer indicating that GAIC does not have property belonging to Third-Party Defendant Frank J. Casserino f/k/a/ and/or d/b/a Casserino Construction ("Casserino"). Specifically, GAIC has an insurance policy that provides coverage for Casserino's liability.

1

**EXHIBIT 3**

**2.**

GAIC is not entitled to attorney fees pursuant to Fla. Stat. §77.28. Florida law does not provide for attorney fees to a garnishee when the garnishee's contest of a garnishment proceeding is for the benefit of the garnishee and not the debtor/defendant.

**3.**

Epoch denies and contests GAIC's Fifth, Eighth, Ninth, and Seventeenth Defenses. Epoch asserts GAIC's insurance policy provides coverage for Casserino's liability and GAIC is liable for the entire $2,100,000 Default Final Judgment against Casserino.

**4.**

Epoch moves to strike GAIC's Twentieth Defense as redundant. See GAIC's Fifth Defense.

**5.**

Epoch denies and contests GAIC's Twenty-Fifth Defense. Fla. Stat. §627.4136(1) does not apply because Epoch has obtained a judgment against Casserino, GAIC's insured. Fla. Stat. §627.4136(4) does not apply because GAIC failed to comply with §627.426.

**6.**

Epoch denies and contests GAIC's Twenty-Sixth Defense. Casserino's liability is established pursuant to the Default Final Judgment. GAIC, who denied a duty to defend Casserino, has waived and cannot raise any defenses to the claims against Casserino which could have been raised by Casserino in the third-party action.

**7.**

Epoch denies and contests GAIC's Twenty-Seventh Defense. Epoch asserts GAIC has waived said defense pursuant to Fla. Stat. §627.426.

**8.**

Epoch moves to strike GAIC's First, Second, Third, Fourth, Sixth, Seventh, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, and Twenty-Eighth Defenses. Florida law requires an affirmative defense to be pled with specificity. Zito v. Washington Federal Savings & Loan Assoc. of Miami Beach, 318 So.2d 175, 176 (Fla. 3d DCA 1975). This is to reasonably inform the adversary and provide them with a fair opportunity to prepare a response. Id. Affirmative defenses which are legally insufficient fail as a matter of law and should be stricken. Valdes v. Lambert, 568 So.2d 117, 118 (Fla. 5th DCA 1990)(affirmed trial court's striking affirmative defense of laches stating, "[t]he

defense, as pled, was conclusory and set forth no ultimate facts showing that the plaintiff was barred by laches."); see also Zito, 318 So.2d at 176-77 (certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient).

GAIC fails to allege any ultimate facts establishing the above referenced Defenses. As such, the conclusory statements are insufficient and said Defenses should be stricken.

Alternatively, if the Court denies Epoch's motion to strike, Epoch asserts the following:

**9.**

Epoch denies and contests GAIC's First, Second, Third, Fourth, Seventh, Eleventh, Twelfth, Fourteenth, Fifteenth, Sixteenth, and Twenty-Eighth Defenses. Specifically, Epoch asserts GAIC's insurance policy provides coverage for Casserino's liability and no policy exclusions or other policy defenses apply.

**10.**

Epoch denies and contests GAIC's Twenty-Fourth Defense. Epoch asserts GAIC's insurance policy provides coverage for Casserino's liability and GAIC is liable for the entire $2,100,000 Default Final Judgment against Casserino.

**11.**

Epoch denies and contests GAIC's Sixth, Thirteenth, and Nineteenth Defenses. Casserino's liability is established pursuant to the Default Final Judgment. GAIC, who denied a duty to defend Casserino, has waived and cannot raise any defenses to the claims against Casserino which could have been raised by Casserino in the third-party action.

**12.**

Epoch denies and contests GAIC's Tenth, Twenty-Second, and Twenty-Third Defenses.

**13.**

Epoch denies and contests GAIC's Eighteenth and Twenty-First Defenses. Epoch asserts GAIC has waived said defenses pursuant to Fla. Stat. §627.426.

## ADDITIONAL ALLEGATIONS IN SUPPORT OF WRIT OF GARNISHMENT

Pursuant to Fla. Stat. §77.061, Epoch provides the following additional allegations in support of its Writ of Garnishment:

**14.**

Epoch is a Florida corporation and has an office for the transaction of its usual and customary business in Orange County, Florida.

**15.**

GAIC, on information and belief, is an Ohio company. GAIC is an authorized insurance provider in Florida. As a condition of selling insurance in Florida, GAIC has submitted to the jurisdiction of Florida courts. GAIC has appointed the Chief Financial Officer of Florida as its resident agent for the purpose of receiving service of process.

**16.**

Epoch filed the third-party action against, among others, Casserino. Casserino was the roofing subcontractor of the Hamptons at Metrowest project located in Orlando, Florida.

**17.**

GAIC issued policy number GL-59627 for the policy period 08/30/2001-02 to Casserino (the "Policy"). According to the terms of the Policy, GAIC agreed, among other things, to defend Casserino against any claim alleging property damage covered by the Policy and to pay those sums Casserino became legally obligated to pay because of property damage.

**18.**

The third-party action alleges that Casserino's actions and/or omissions resulted in property damage to the Hamptons at Metrowest project. The allegations qualify as an "occurrence" as defined by the Policy. The allegations indicate that

property damage occurred during GAIC's policy period. The allegations triggered GAIC's duty to defend Casserino.

**19.**

GAIC received timely tender of the claims against Casserino. GAIC denied coverage for Casserino with no explanation or recitation of applicable coverage or policy defenses. GAIC simply stated as follows: "Based on the findings of our investigation, it have been determined that there is no coverage under the policy issued by Great American Insurance Company to Frank Casserino Construction, Inc." See December 20, 2010 Correspondence from Robert E. Rogers, attached hereto as Exhibit "A."

**20.**

As a result of GAIC's improper denial of defense, Casserino was unrepresented in the third-party action and a Default Final Judgment was entered against Casserino and in favor of Epoch in the amount of $2,100,000.

**21.**

Based on the allegations in the complaint, the allegations in the third-party complaint, the Default Final Judgment against Casserino, and the facts supporting same, Casserino's liability falls within coverage under the Policy and GAIC, therefore, has a duty to indemnify Casserino.

**22.**

Pursuant to Fla. Stat. 77.08, Epoch requests a jury trial on all issues triable to a jury.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

**23.**

Epoch realleges paragraph 14-22 above.

**24.**

GAIC breached its contract by refusing to defend and indemnify Casserino. All conditions precedent in the Policy (if any) have been complied with and satisfied, except any that were excused, waived, or that do not need to be performed because GAIC will not be prejudiced by non-performance.

**25.**

As a result of GAIC's breach of the duty to defend and duty to indemnify, Epoch is entitled to consequential damages due to said breach.

WHEREFORE, Epoch prays for judgment against Great American Insurance Company as follows:

(a) $2,100,000 for Casserino's liability;

(b) Epoch's costs; and,

(c) Any other relief the court deems just and/or equitable.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH)

**26.**

Epoch realleges paragraphs 14-25 above.

**27.**

GAIC committed bad faith and/or breached the duty of good faith and fair dealing by wrongfully refusing to defend Casserino in the third-party action. GAIC was obligated under the Policy to defend Casserino.

**28.**

Because of GAIC's bad faith, Casserino is exposed to a $2,100,000 excess judgment. Epoch, as judgment creditor, is entitled to recover $2,100,000.

**29.**

WHEREFORE, Epoch prays for judgment against Great American Insurance Company as follows:

(a) $2,100,000 for Casserino's liability;

(b) Epoch's costs; and

(c) Any other relief the court deems just and/or equitable.

DATED: April 6, 2015.

BALL JANIK LLP,

By: /s/ Jon Marshall Oden
Jon Marshal Oden, FBN: 38172
Kelly M. Corcoran, FBN: 55564

Ball Janik, LLP
201 E. Pine Street, Suite 825
Orlando, FL 32801
Telephone: (407) 455-5664
Facsimile: (407) 902-2105
E-mail: joden@balljanik.com
E-mail: kcorcoran@balljanik.com

Admitted *pro hac vice:*
James C. Prichard, PHV No. 75597
Phillip E. Joseph, PHV No. 75599
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 228-2525
Facsimile: (503) 295-1058
E-Mails: jprichard@balljanik.com
pjoseph@balljanik.com

ALAN B. GARFINKEL, P.A., d/b/a KATZMAN GARFINKEL, P.A.
   Alan B. Garfinkel, FL ID No. 813796
   Mitchell B. Haller, FL ID No. 511961
   5297 West Copans Road
   Margate, FL 33063
   Telephone: (954) 486-7774
   Facsimile: (954) 486-7782
   E-mails: mhaller@kgblawfirm.com
           agarfinkel@askthefirm.com
             lnitsch@kglawfirm.com
efabricant@kgblawfirm.com

*Counsel for* EPOCH PROPERTIES, INC.



# MID-CONTINENT

Mid-Continent Casualty Company ▲ Mid-Continent Assurance Company ▲ Oklahoma Surety Company

P.O. Box 2928  Tulsa, OK 74101-2928  (813) 269-7172  Toll Free (866) 610-1156
FAX (918) 586-0897   claims@mcg-ins.com

December 20, 2010

Mr. James R. Myers
Swartz Campbell
12585 New Brittany Boulevard
Fort Myers, FL 33907

Claim #        :   1903354
Insured        :   Frank Casserino Construction, Inc.
Matter         :   The Hamptons at Metrowest Condominium Association, Inc.
                   v. Park Avenue at Metrowest, Ltd, et al.

Dear Mr. Myers:

This is in regard to the above captioned claim file which you presented to Mid-Continent Casualty by a letter dated December 2, 2010.

Based on the findings of our investigation, it has been determined that there is no coverage under the policy issued by Great American Insurance Company to Frank Casserino Construction, Inc.

Very truly yours,

*Robert E. Rogers*

Robert E. Rogers
Claim Supervisor

MEMBER OF GREATAMERICAN.
INSURANCE GROUP

Exhibit A
Page 1 of 1

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing has been served upon the <u>ECF Participants</u> via:

☒ E-mail (to those with email addresses listed below)

☐ Overnight delivery

I further certify that a true copy of the foregoing was provided to the <u>Non-ECF Participants</u> via:

☒ First Class U.S. Mail

☐ Overnight delivery

all of whom are listed in the Service List below.

DATED: <u>April 6, 2015</u>.

          By: <u>/s/ Jon Marshall Oden</u>
              Jon Marshall Oden, FBN: 38172
              Kelly M. Corcoran, FBN: 55564
              Ball Janik, LLP
              201 E. Pine Street, Suite 825
              Orlando, FL 32801
              Telephone: (407) 455-5664
              Facsimile: (407) 902-2105
              E-mail: joden@balljanik.com
              E-mail: kcorcoran@balljanik.com

              Admitted *pro hac vice:*
              James C. Prichard, PHV No. 75597
              Phillip E. Joseph, PHV No. 75599
              101 SW Main Street, Suite 1100
              Portland, OR 97204
              Telephone: (503) 228-2525
              Facsimile: (503) 295-1058
              E-Mails: jprichard@balljanik.com
                            pjoseph@balljanik.com

        ALAN B. GARFINKEL, P.A., d/b/a KATZMAN GARFINKEL, P.A.
           Mitchell B. Haller, FL ID No. 511961
           5297 W Copans Road
           Margate, FL 33063
           Telephone:  (954) 486-7774
           Facsimile:  (954) 486-7458
           E-mail:      mhaller@kgblawfirm.com
                           lnitsch@kgblawfirm.com
*Counsel for* EPOCH PROPERTIES, INC.

## SERVICE LIST

Mitchell B. Haller, Esq.
Alan B. Garfinkel, P.A., d/b/a Katzman Garfinkel, P.A.
5297 W Copans Rd
Margate, FL 33063-7706
(954) 486-7774
(954) 486-7458 f
mhaller@kgblawfirm.com
lnitsch@kgblawfirm.com

Attorneys for Hamptons at Metrowest Condominium Association, Inc.; Park Avenue at Metrowest, Ltd; Epoch Management, Inc.

Maureen G. Pearcy, Esq.
Hinshaw & Culbertson
2525 Ponce de Leon Boulevard, 4th Floor, Coral Gables, FL 33134
Tel: 305-358-7747
Fax: 305-577-1063
mpearcy@hinshawlaw.com

Attorneys for Great American Insurance Company

NON-ECF Participants:

Frank J. Casserino, Inc., fka and/or dba Casserino Construction

6926 South Tamiami Trail
Sarasota, FL 34231

1552 Boren Drive
Suite 100
Ocoee, FL 34761

1552 Boren Drive
Suite 300
Ocoee, FL 34761

1554 Boren Drive
Suite 100
Ocoee, FL 34761