# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In re:**
**EPOCH PROPERTIES, INC., a Florida Corporation**
        **Garnishor,**

**-vs-**	Case No. 6:15-cv-700-Orl-41DAB

**GREAT AMERICAN INSURANCE COMPANY,**
        **Garnishee**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO REMAND (Doc. No. 30)
>
> **FILED:** June 1, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In a prior Order to show cause (Doc. 17), the Court raised issues regarding whether this post-judgment garnishment proceeding was properly removable. Garnishee responded (Doc. 28) and the Garnishor moved to remand. Garnishee has since responded (Doc. 32), and the matter has been referred to the undersigned. For the reasons that follow, the Court finds the removal here to be untimely, and therefore **recommends** remand.

*Pertinent History*

As noted in the show cause Order, Garnishee seeks to remove "the garnishment action now pending against it" in state court. According to the papers filed, a Third Party Plaintiff, Epoch

Properties, Inc., a Florida corporation ("Epoch"), obtained a default judgment against Frank J. Casserino, Inc., a Florida corporation, in a long-standing lawsuit styled *Hampton at Metrowest Condominium Association, Inc. v. Park Avenue at Metrowest, Ltd., et al.*, Case No. 48-2008-CA-008235-O ("the Hampton case"). On February 6, 2015, Epoch moved the state court in the Hampton case for issuance of a writ of garnishment against Great American (Doc. 1-1), and the writ was issued on February 20, 2015 (Doc. 14-1). Great American was served with the writ on February 26, 2015 (Doc. 1-2), and answered it on March 16, 2015, denying any liability and pleading over two dozen affirmative defenses. *Id.* On April 6, 2015, Epoch served Great American with its reply in support of the writ of garnishment (Doc. 1-3). The reply purports to include two causes of action alleging breach of contract and bad faith. Great American filed a Motion to Dissolve the Writ in the state court case on April 8, 2015 (Doc. 14-3). While that motion to dissolve was pending, Great American filed the instant Notice of Removal on May 1, 2015 (Doc. 1).

*General Removal Principles*

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Pertinent here, a district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Great American contends that, as it is an Ohio corporation and Epoch is a Florida corporation and the amount in

controversy exceeds $75,000.00, this Court has diversity jurisdiction over the garnishment proceedings, pursuant to 28 U.S.C. § 1332(a)(1).[1]

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the Act"). In pertinent part, the statute provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2012).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3) (2012).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

*Analysis*

---

[1] There is no assertion that the Court's federal question jurisdiction is applicable here.

Applied here, Great American does not purport to remove the entire state court action. Rather, it contends that the garnishment proceeding is separately and timely removed, *citing Estate of Jackson v. Trans Health Mgmt.,Inc.,* No. 8:10-cv-2937-T-33TGW, 2011 WL 2413800, at *l (M.D. Fla. June 13, 2011), *Webb v. Zurich Ins. Co.,* 200 F.3d 759, 760 (11th Cir. 2000), *Butler v. Polk,* 592 F.2d 1293, 1295-96 (5th Cir. 1979),[2] and *Armstrong Cover Co. v. U.S. Postal Serv.*, 418 F. Supp. 972, 974 (D. Ga. 1976). For reasons set forth in the show cause Order, the Court is not persuaded that this garnishment proceeding is a separate and removable proceeding. However, the Court need not reach that conclusion as, even if this post-judgment garnishment proceeding was a separate and independent action capable of being removed, Great American has failed to do so timely.

Under Section 1446(b)(1), removal must be made within 30 days after receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The initial pleading here is the writ itself. This is so because, under Florida law, "[t]he writ shall state the amount named in plaintiff's motion" and "[s]ervice of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. §77.04 (2013) and §77.06 (2000).

Despite this plain language, Great American contends that the initial pleading for removal purposes was not the writ but the reply filed by Epoch, as, under Florida law, Great American's answer and denial would be accepted as true and the writ dissolved, absent Epoch asserting a reply contravening the answer. *See* Fla. Stat. § 77.061. The contention is not persuasive.

As noted, the writ itself states the claim and service of the writ makes the garnishee liable to the extent the garnishee owes a debt to defendant or holds the property of defendant. The writ requires that the garnishee serve an answer which states whether the garnishee has property of the

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

defendant under his or her control, or knows of any other person indebted to the defendant. *See* Fla. Stat. § 77.04. Importantly, if a garnishee fails to file an answer, the garnishee is in default. *See* Fla. Stat. §77.081(1) ("If the garnishee fails to answer as required, a default shall be entered against him or her").[3] Certainly, there can be no default unless a claim was first asserted.

True, the absence of a reply to a garnishee's answer denying holding any debts or property of defendant may lead to *discharge* of the writ – it does not change the nature of the writ as stating the claim and triggering liability when served. Indeed, § 77.061, relied upon by Great American, provides: "On failure of plaintiff to file a reply, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from *further* liability under the writ" (emphasis added). Given this language, Great American's reliance on a 1976 case interpreting Georgia law is misplaced.[4]

The writ served here was "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As Great American was served with the writ on February 26, 2015, but did not file the Notice of Removal until May 1, 2015, the notice was untimely under 28 U.S.C. §1446. As another judge in this District has noted:

> The Court does not have discretion to extend the thirty-day period mandated by § 1446(b)(1). *See Torres v. AIG Claim Servs., Inc.,* 957 F.Supp. 1271, 1273 (S.D.Fla.1997) ("The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court."). However, while the removal period is mandatory, it may be "waived by the parties by affirmative

---

[3] Of course, the default does not serve to automatically transfer the judgment debt to garnishee. The judgment creditor must still prove that the garnishee is indebted to the judgment debtor (or holds his property).

[4] In *Armstrong Cover Co. v. Whitfield*, 418 F. Supp. 972 (D. Ga. 1976), at issue was whether the United States Postal Service, the employer of the judgment debtor, was a defendant subject to garnishment proceedings and entitled to remove the garnishment action. Pending before that court was the Postal Service's motion to quash the summons of garnishment, citing, among other grounds, immunity. *Id.* The Georgia court remanded the case, finding that, under the facts of that case and Georgia law, the Postal Service was not yet a defendant within the meaning of the removal statute. *Id.* at 974. Great American reasons that it, too, is merely a "stakeholder" until such time as the reply was filed by Epoch. This conclusion, however, is inconsistent with Florida's statute as explained above, and is further belied by the answer to the writ filed by Great American. Great American raised *twenty eight* affirmative defenses, including assertions that there is no coverage under the insurance policies; Great American is not bound by the Judgment; and the claims against the insured are barred by the doctrines of release and accord and satisfaction (Doc. 1-2). Unlike traditional garnishees such as an employer holding wages or a bank holding the funds of an account holder, Great American is not an uninterested stakeholder with no claim to the funds at issue.

conduct or unequivocal assent." *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D.Fla.1993) (internal citation omitted). In this case, Navarro did not waive the mandatory removal period and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Harris Corp. v. Kollsman, Inc.,* 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000).

*Navarro v. David M. Kravetz Inc.*, No. 8:14–cv–1202–T–33AEP, 2014 WL 2801272, at *1 (M.D. Fla. June 19, 2014) (remanding due to untimely removal). As Epoch has objected to the untimeliness, and as any doubts as to the propriety of removal should be resolved in favor of remand, the motion should be granted and the action remanded as improvidently removed.

*Conclusion*

As the Notice of Removal was filed out of time, it is **respectfully recommended** that the Court **grant** the motion and direct the Clerk to remand the case to the state court and thereafter close the case.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on July 17, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy